UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

OTHA HULEN,                          )
                                     )
          Plaintiff,                 )   Civil No. CV 04-4612 (Mc)
                                     )
     v.                              )   MEMORANDUM OF DECISION
                                     )   AND ORDER IN A
JO ANNE B. BARNHART,                 )   SOCIAL SECURITY CASE
Commissioner of Social               )
Security Administration,             )
                                     )
          Defendant.                 )
_____)

     The plaintiff, Otha Hulen, filed the present action for review of

a final determination of the Commissioner of Social Security (the

"Commissioner").  For the reasons set forth below, the court finds

that the decision of the Commissioner is supported by substantial

evidence.  The matter, therefore is affirmed.

**BACKGROUND**

     The plaintiff filed an application for Supplemental Security

Income benefits based on disability under the Social Security Act (the

"Act") on March 5, 1999.  [Administrative Record ("AR") 112.]   The

Commissioner denied the application initially and on reconsideration.

[AR 93, 94.]  At the plaintiff's request, an

administrative hearing was held before Administrative Law Judge

("ALJ") James Carletti on February 28, 2001.  [AR 81 et seq.]  On

August 8, 2001, ALJ Carletti filed a decision concluding that the

plaintiff was not under a disability, as defined in the Act, at any

time through the date of the decision.  [AR 75 et seq.]  On July 31,

2002, the Appeals Council denied the plaintiff's request for review of

the ALJ's decision.  [AR 60-61.]

Thereafter, the plaintiff filed a request for judicial review in

this court in Case No. CV 02-07463 (Mc).  On May 19, 2003, pursuant to

a stipulation by the plaintiff and the respondent, this court remanded

the case to the Commissioner for further proceedings.

On December 16, 2003, a supplemental administrative hearing was

held before ALJ Zane A. Lang.  [AR 227 et seq.]  On April 7, 2004, ALJ

Lang filed a decision concluding that the plaintiff was not under a

disability at any time through the date of the decision.  [AR 215 et

seq.]

Thereafter, the plaintiff filed the present action.  The

plaintiff and the Commissioner have consented to proceed before a

United States Magistrate Judge.  The parties have entered into a Joint

Stipulation setting forth their arguments.

**STANDARDS OF REVIEW**

The court must sustain the findings of the Commissioner unless:

(a) they are not supported by substantial evidence in the record as a

whole; or (b) the Commissioner applied an improper legal standard.

See 42 U.S.C. § 405(g); Gordon v. Secretary of Health and Human

Services, 803 F.2d 1071, 1072 (9th Cir. 1986).  Substantial evidence

means "more than a mere scintilla" but less than a preponderance.

Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28

L.Ed.2d 842 (1971); <u>Desrosiers v. Secretary of Health and Human Services</u>, 846 F.2d 573, 576 (9th Cir. 1988). "Substantial evidence" is evidence a "reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. at 402; <u>Gordon v. Secretary of Health and Human Services</u>, 803 F.2d at 1072.

This Court must review the record as a whole and consider adverse as well as supporting evidence. <u>See</u> <u>Green v. Heckler</u>, 803 F.2d 528, 529-530 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the court must sustain the Commissioner's decision. <u>See</u> <u>Gallant v Heckler</u>, 753 F.2d 1450, 1453 (9th Cir. 1984).

## THE FIVE-STEP SEQUENTIAL EVALUATION

The Commissioner has established a five-step sequential evaluation for determining whether a person is disabled. First, the Commissioner determines whether the person is engaged in "substantial gainful activity." If so, the Commissioner denies disability benefits. Second, if the person is not so engaged, the Commissioner determines whether the person has a medically severe impairment or combination of impairments. If the person does not have a severe impairment or combination of impairments, the Commissioner denies benefits. Third, if the person has a severe impairment, the Commissioner determines whether the impairment meets or equals one of a number of "listed impairments." If the impairment meets or equals a "listed impairment," the Commissioner conclusively presumes that the person is disabled. Fourth, if the impairment does not meet or equal the "listed impairments," the Commissioner determines whether the impairment prevents the person from performing past relevant work. If the person can perform past relevant work, the Commissioner denies benefits. Fifth, if the person cannot perform past relevant work, the

burden shifts to the Commissioner to show that the person is able to perform other kinds of work.  The person is entitled to disability benefits only if he is unable to perform other work.  See 20 C.F.R. § 404.1520; Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987).

## **FINDINGS OF THE ALJ**

The plaintiff was born on November 13, 1946.  [AR 112.]  The plaintiff graduated from high school and attended one year of college. [AR 84, 134.]  The plaintiff alleges that he is unable to work because of "arthritis, arthritic spine, 3 fractured vertebrates [sic], fractured cheekbone, nerve damage, high blood pressure, scoliosis, bleeding intestine [sic]."  [AR 128.]

ALJ Lang found that the plaintiff had not engaged in substantial gainful activity since March 5, 1999.  [AR 225.]  The ALJ found that the plaintiff had a history of cervical fracture at C4-5-6, disc disease of the lumbar spine, and hypertension which were severe impairments. [AR 225.]  However, the ALJ found that the plaintiff did not have an impairment or combination of impairments listed in, or medically equal to one listed in, Appendix 1, Subpart P, Regulations No. 4.  [AR 225.]

ALJ Lang found that the plaintiff had the residual functional capacity to perform the full range of medium work.  [AR 225.]  The ALJ concluded that the plaintiff was not disabled based on the plaintiff's age, education, work experience and residual functional capacity pursuant to 20 C.F.R. Part 404, Subpart P. Appendix 2, § 203.00, Rule 203.14.  [AR 225.]  The ALJ concluded that the plaintiff was not under a disability, as defined by the Social Security Act, at any time through the date of the decision.  [AR 225.]

1                     **THE PLAINTIFF'S CONTENTIONS**

2     The plaintiff contends that the failure of the ALJ to pose an

3 additional interrogatory regarding the plaintiff's neck impairments to

4 the post-hearing consultative examiner deprived the plaintiff of due

5 process.  [Joint Stipulation, p. 4.]

6                             **DISCUSSION**

7     After the plaintiff's December 16, 2003 hearing before ALJ Lang,

8 the ALJ sent the plaintiff to a consultative neurological evaluation.

9 [AR 222, 281 et seq.]  On February 16, 2004, Behnam Farahdel, M.D.,

10 conducted a neurological evaluation of the plaintiff.  [AR 281 et

11 seq.]  Dr. Farahdel's evaluation of the plaintiff included a physical

12 examination of the plaintiff's cervical spine.  [AR 283.]  Dr.

13 Farahdel found "no tenderness to palpation or muscle spasm noted.

14 Range of motion grossly within normal limits."  [AR 283.]  Dr.

15 Farahdel opined that the plaintiff could lift 50 pounds occasionally

16 and 25 pounds frequently, stand and walk about six hours in an eight-

17 hour workday, sit without limitation, push, pull and use his hands

18 without limitation, and hear and see without limitation.  [AR 284.]

19     ALJ Lang provided Dr. Farahdel's evaluation to the plaintiff's

20 representative for review.  [AR 290 et seq.]  The plaintiff's

21 representative requested that the following additional interrogatory

22 be given to Dr. Farahdel:  "[W]hether an individual with the cervical

23 condition describe in the report would have any limitation in turning

24 the head or holding the head in a fixed position."  [AR 292.]  The

25 ALJ rejected the request "because Dr. Farahdel's report makes clear

26 that the [plaintiff's] neck was examined and found to have full non-

27 tender range of motion."  [AR 222.]

28 \\\

1     "A claimant in a disability hearing is not entitled to unlimited

2   cross-examination, but is entitled to such cross-examination as may be

3   required for a full and true disclosure of the facts." Copeland v.

4   Bowen, 861 F.2d 536, 539 (9th Cir. 1988); Solis v. Schweiker, 719 F.2d

5   301, 302 (9th Cir. 1983).  "The ALJ has discretion to decide when

6   cross-examination is warranted."  Copeland v. Bowen, 861 F.2d at 539.

7   In his decision, ALJ Lang indicated that he would not pose the

8   additional interrogatory to Dr. Farahdel because Dr. Farahdel's report

9   contained the information sought by the interrogatory.  [AR 222.]  The

10  ALJ's rejection of the request was not an abuse of discretion and did

11  not deprive the plaintiff of due process.

12                               **CONCLUSION**

13     After careful consideration of the pleadings, the transcript of

14  the record, and in accordance with the foregoing discussion, the

15  magistrate judge finds that the decision of the Commissioner is

16  supported by substantial evidence and that the Commissioner has

17  applied proper legal standards.

18                                 **ORDER**

19     IT IS ORDERED that Judgment be entered in favor of the

20  Commissioner and against the plaintiff.

21

22  Dated:  November 8, 2005

23

24                              _____/s/_____

25                              JAMES W. McMAHON
                                United States Magistrate Judge

26

27

28